## Case No. 11,176.

### The PIONEER.

### [1 Deady, 58.] [1]

### District Court, D. Oregon. March 8, 1864.

SEAMEN'S WAGES—MISCONDUCT AS CAUSE OF FORFEITURE—IMPERTINENT ALLEGATIONS —EXCEPTIONS.

1. Exception for impertinence to an allegation in an answer which serves no legal purpose, and is a mere slur upon the libellant, allowed.

2. An allegation of misconduct on the part of an engineer as a cause of forfeiture of wages must state the particular acts of misconduct relied on, with the circumstances of time and place.

[Cited in The Maria, Case No. 9,073.]
[See The Almatia, Case No. 254.]

3. C. brought suit against the steamboat P. for wages as engineer; the claimant in its answer set up that prior to the commencement of such suit, it had commenced an action against C. in the territory of Washington, to recover damages for injuries to the steamboat P., caused by the misconduct of the latter as engineer thereon, and caused a garnishee process to be served upon K., the master, and sometime owner of the steamboat P. during the period that C. was employed upon her as engineer: *Held*, on exception that the allegation was impertinent.

[Cited in The Tom Lysle, 48 Fed. 692.]

In admiralty.

E. W. McGraw, for libellant.
Amory Holbrook, for claimant.

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

DEADY, District Judge. The libellant [Patrick J. Conlisk] in this suit seeks to recover the sum of $1,497.25, the balance alleged to be due him for services as engineer upon the steamboat Pioneer, between November 8, 1862, and January 8, 1864. The claimant, the Columbia Transportation Co., a corporation of the territory of Washington, intervening for its interest as owner, answered the libel, to which answer the libellant filed sundry exceptions.

The first exception is taken to the words following: "And because he by neglect and his mismanagement caused great damage to the machinery of said boat." In the answer the fact herein alleged is stated as the reason for discharging libellant. From the pleadings it appears that the libellant was hired by the month, or under such circumstances as that a hiring from month to month would be necessarily implied. Such being the case, the libellant might be discharged from the boat, she being in the home port, at the end of any month. Therefore, it is not necessary upon the part of the claimant to show any reason for his discharge. In fact, the libellant does not sue on account of the discharge, but for wages earned and unpaid. If it was intended to plead this misconduct as a cause of forfeiture or diminution of wages, the particulars of the alleged neglect and mismanagement should have been stated with the circumstances of time and place. The exception is allowed.

The second exception is taken to the words following: "By reason of mutinous and disobedient conduct, incompetence and malicious mischief, causing damage as before stated." This allegation, in conjunction with other matters, in what is called the fifth article of the answer, is pleaded as a cause of forfeiture of wages. What has just been said in passing on the first exception as to the want of certainty, applies to this. The employment of the libellant extended over a period of one year and two months, and when he seeks to recover his wages, it would be a hardship if the question should be made to turn upon the truth or falsity of such a vague and indefinite charge. Besides, the misconduct of the libellant to work a forfeiture of his wages must be gross and serious, though for a less cause there may be a partial forfeiture or diminution. Again, if a seaman is continued on board after an opportunity occurs to discharge him at the home port or the termination of the voyage, the law presumes that his misconduct has been overlooked—forgiven, and such misconduct cannot be set up as a defence to a suit for wages. In what month of the fourteen that the libellant was employed on this boat, "this mutinous conduct and malicious mischief" occurred, is not stated in the answer. Such conduct was a sufficient ground to justify the discharge of the libellant at once, but if the master or owner for any reason saw proper to continue him as engineer, it could not be afterwards set up as a cause of forfeiture of wages subsequently earned. When the hiring is monthly upon a river steamboat or other boat arriving and departing at short periods within that time, each month must be considered as analogous to a separate voyage at sea. The wages earned upon one voyage are not affected by the conduct of the seaman upon a former or subsequent one. So with the monthly wages of the libellant, they are to be considered as the wages of separate voyages, and not affected by his conduct except during the time they were being earned. This exception is allowed.

The third exception is taken to an allegation pleaded in abatement of the suit. It states substantially that from March 20 to November 12, 1863, John T. Kerns—now one of the directors of the C. T. Co., and who as its agent makes the claim and answer herein—was the sole owner and master of the Pioneer, and that said Kerns employed the libellant during that time, at certain wages; that libellant remained on board until January 1, 1864, and during the last month of such employment—meaning, I suppose, December, 1863—he maliciously damaged the boat in the sum of $1,000; that on January 6, 1864, the C. T. Co. brought an action in the district court of the territory of Washington against the libellant for said damages, and caused a summons to be served therein on said Kerns as garnishee; that said action is still pending, and that said court had thereby acquired jurisdiction over the wages alleged to be due the libellant before the filing of the libel in this suit, and that any decree therefor in this court would be a hardship and injustice to the claimant and said Kerns. As an individual, Kerns has no other relation to the subject matter than as a director and agent of the C. T. Co., who is the claimant in this suit and the plaintiff in the alleged garnishee process against himself. It does not appear that the district court of the territory of Washington ever acquired jurisdiction of the person of the libellant in the action said to have been commenced therein. The allegation of the answer is, that the C. T. Co. "commenced a suit against the libellant," but whether he was ever served with process, so as to give the court jurisdiction to proceed, does not appear, and cannot be inferred. There must be a distinct allegation to that effect. Assuming the fact to be as it appears in the answer, that the territorial court never acquired jurisdiction of the person of the libellant, the action alleged to be pending therein in no way affects his right to maintain this suit. The service of the garnishee process, being in advance of the service of the summons upon the libellant seems to have been premature, and at best can only affect Kerns upon the condition that the libellant is brought into the territorial court and

judgment obtained against him. In the meantime, I suppose it would not exonerate him from obeying the order of any other court in relation to such debt, which might first acquire jurisdiction in the premises. Again, upon the face of the answer, Kerns does not appear to be responsible to libellant as master and owner for quite eight months wages, while this suit is brought for the wages of fourteen months. But this suit is brought against the boat, and not Kerns. The seaman has a lien upon the boat for his wages, and this court has jurisdiction to enforce such lien by a suit in rem. Although the master and owner are also personally responsible for the wages of the libellant, it is a question in my mind whether either of them, strictly speaking, owe him a debt that can be garnisheed, at least until he elects to look to them or either of them for his wages, by taking a personal obligation therefor, or commencing a suit against them for the same. Otherwise, the master might be garnisheed in one court, the owner in another, while the seaman was prosecuting a suit in rem, upon the same demand, in a third one. But it not appearing that the libellant has ever been served with process in the action in the territorial court, I do not think the service of the garnishee process upon Kerns in any way affects his liability to the libellant or that of the boats. This exception is allowed.

The matter included in the fourth exception is a mere amplification of the allegations included in the second exception, with the addition of a counter claim of $1,000 for damages caused by the alleged misconduct of the libellant. There is no more certainty or particularity in the allegation in the one case than the other. This exception is also allowed.

[There was a decree in favor of the libellant for $583.33⅓. Case No. 11,177.]